**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36677**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 447 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 4, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM DENNIS BUTLER aka BILL | ) | THIS IS AN UNPUBLISHED |
| BUTLER; BILL DENNIS BUTLER; | ) | OPINION AND SHALL NOT |
| WILLIAM DENNIS BUTLER, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for failure to register as a sex offender, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Molly J. Huskey, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

William Dennis Butler, aka Bill Butler, Bill Dennis Butler, William Dennis Butler, pled guilty to failure to register as a sex offender. I.C. § 18-8307. In exchange for his guilty plea, an additional allegation that Butler was a persistent violator was dismissed. The district court sentenced Butler to a unified term of ten years, with a minimum period of confinement of five years. Butler filed an I.C.R 35 motion, which the district court denied. Butler appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.

1

*See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Butler's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Butler's judgment of conviction and sentence, and the district court's order denying Butler's Rule 35 motion, are affirmed.