**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 37874 & 37875**

| | |
|---|---|
| STATE OF IDAHO, | ) 2011 Unpublished Opinion No. 370 |
| | ) |
| Plaintiff-Respondent, | ) Filed: February 25, 2011 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| CHAD R. STREETER, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgments of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for felony injury to a child and concurrent unified term of twenty-three years, with a minimum period of confinement of three years, for incest, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Chad R. Streeter entered an *Alford*[1] plea to felony injury to a child. I.C. § 18-1501(1). In exchange for his guilty plea, an additional charge was dismissed. Thereafter, Streeter also entered a guilty plea to incest. I.C. § 18-6602. In exchange for this guilty plea, an additional count of rape was dismissed. The district court sentenced Streeter to a unified term of ten years, with a minimum period of confinement of three years, for felony injury to a child and a

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

concurrent unified term of twenty-three years, with a minimum period of confinement of three years, for incest. Streeter filed an I.C.R 35 motion, which the district court denied. Streeter appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Streeter's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Streeter's judgments of conviction and sentences, and the district court's orders denying Streeter's Rule 35 motions, are affirmed.