**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39268**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 562 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 25, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| VICTOR PAUL BENAVENTE, aka | ) | THIS IS AN UNPUBLISHED |
| VICTOR RAUL BENAVENTE, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Judgment of conviction and concurrent unified sentences of twenty-five years, with a minimum period of confinement of ten years, for conspiracy to traffic in cocaine, two counts of trafficking in cocaine, and one count of aiding and abetting in the trafficking of cocaine, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Victor Paul Benavente pleaded guilty to conspiracy to traffic in cocaine, Idaho Code §§ 37-2732B(a)(2), 37-2732B(b), 19-304(2); two counts of trafficking in cocaine, I.C. §§ 37-2732B(a)(2), 19-304(2); and one count of aiding and abetting in the trafficking of cocaine, I.C. §§ 37-2732B(a)(2), 19-304(2). The district court sentenced Benavente to a unified term of twenty-five years, with a minimum period of confinement of ten years. Benavente filed an Idaho Criminal Rule 35 motion, which the district court denied. Benavente appeals.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Benavente's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Benavente's judgment of conviction and sentence, and the district court's order denying Benavente's Rule 35 motion, are affirmed.