**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39978**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | **2013 Unpublished Opinion No. 570** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: July 9, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| MARK J. FIXMER, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Caribou County. Hon. Mitchell W. Brown, District Judge.

Judgment of conviction and unified sentence of six years, with a minimum period of confinement of three and one-half years, for felony possession of methamphetamine, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>; fee imposed in judgment of conviction, <u>vacated</u> and case <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Mark J. Fixmer was convicted of felony possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court sentenced Fixmer to a unified term of six years, with a minimum period of confinement of three and one-half years. Fixmer filed an Idaho Criminal Rule 35 motion, which the district court denied. Fixmer appeals. Fixmer also challenges the district court's imposition of an $800 fee to the Sixth District Court Fund for maintenance of the court.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Fixmer's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Lastly, Fixmer contends that the district court erred in imposing a fee of $800 at sentencing, which the court described as "reimbursement to the Sixth District Court Fund for maintenance of the court." In the written judgment of conviction, this fee was denominated a fee for "supervision of probation." Fixmer contends that no authority exists for imposition of such a fee in his case. The State concedes error on this point, stating that "the State has been unable to find any statutory authority for the imposition of an $800 fee for Sixth District Court maintenance costs." This Court likewise has found no authority for imposition of such a fee. Even if this fee is classified as one for supervision of probation, it is impermissible in this case because Fixmer was not placed on probation, and because Idaho law authorizes the court to impose probation fees only for supervised probation in a misdemeanor case, *see* I.C. § 31-3201D. Even in that circumstance, the fee may not exceed the monthly amount authorized by I.C. § 20-225. For a person on felony probation, the probation supervision fee is determined by

the Board of Correction, subject to the maximum set by statute. I.C. § 20-225. There being no apparent authorization for the $800 fee imposed by the district court on Fixmer, that component of the judgment of conviction must be vacated.

Accordingly, Fixmer's sentence and the district court's order denying his Rule 35 motion are affirmed. The provision in the judgment of conviction imposing an $800 fee for "supervision of probation" is vacated and the case remanded to the district court for entry of an amended judgment of conviction omitting that fee.