**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40213**

| | |
|---|---|
| STATE OF IDAHO, | 2013 Unpublished Opinion No. 594 |
| Plaintiff-Respondent, | Filed: July 26, 2013 |
| v. | Stephen W. Kenyon, Clerk |
| SCOTT DANIEL PARKER, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction and consecutive, unified sentences of ten years, with six and one-half years determinate, for two counts of aggravated assault upon certain personnel; concurrent sentence of five years determinate for unlawful possession of a firearm; and consecutive sentence of two years determinate for fleeing or attempting to elude a peace officer, affirmed; order partially denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

---

PER CURIAM

Scott Daniel Parker pled guilty to two counts of aggravated assault upon certain personnel (Counts I and II), Idaho Code §§ 18-901, 18-905, 18-915(1)(b); unlawful possession of a firearm (Count III), I.C. § 18-3316(1); and fleeing or attempting to elude a peace officer (County VI), I.C. § 49-1404(2)(c). The district court sentenced Parker to a unified term of ten years, with six and one-half years determinate, for Count I and Count 2; a determinate five-year term for Count III; and a determinate two-year term for Count VI. The district court ordered the

1

sentences for Counts I and II to run consecutive to each other, the sentence for Count III to run concurrently with Counts I and II, and the sentence for Count VI to run consecutive to Counts I and II. Parker filed an Idaho Criminal Rule 35 motion for reduction of his sentences. The district court granted the motion in part, ordering Parker's sentences to run concurrent with Parker's sentence in a prior case, and denied the remainder of the motion. Parker appeals, contending the district court abused its discretion by imposing excessive sentences and by partially denying Parker's Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred by partially denying Parker's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Parker's judgment of conviction and sentences, and the district court's order partially denying Parker's Rule 35 motion, are affirmed.