**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40849 & 40850**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2014 Unpublished Opinion No. 344** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 4, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **BRENDA ZAVALA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction and unified sentence of three years, with a minimum period of confinement of one year, for issuing a check without funds, <u>affirmed</u>; judgment of conviction and unified sentence of three years, with a minimum period of confinement of one and one-half years, and consecutive unified sentence of three years for two counts of issuing a check without funds; <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 40849, Brenda Zavala pled guilty to issuing a check without funds. I.C. § 18-3106(a). The district court sentenced Zavala to a unified term of three years, with a minimum period of confinement of one year, but suspended the sentence and placed Zavala on probation.

In Docket No. 40850, Zavala pled guilty to two counts of issuing insufficient funds checks, I.C. § 18-3106(b), and admitted to violating the terms of her probation in Docket No.

40849. In exchange for guilty pleas and an admission to violating her probation, the district court dismissed an additional charge and the state agreed not to file additional charges or pursue an allegation that Zavala was a persistent violator. The district court sentenced Zavala to a unified term of three years, with a minimum period of confinement of one and one-half years, for one count of issuing an insufficient funds check and a consecutive unified term of three years for the second count of issuing an insufficient funds check. The district court also revoked Zavala's probation in Docket No. 40849 and ordered execution of the previously suspended sentence of three years, with a minimum period of confinement of one year. The district court ordered that this sentence be served concurrently with the sentences in Docket No. 40850. Zavala filed I.C.R. 35 motions for reduction of sentences, which the district court denied. Zavala appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Zavala's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Zavala's judgments of conviction and sentences, and the district court's orders denying Zavala's Rule 35 motions, are affirmed.