**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41112**

| | |
|---|---|
| STATE OF IDAHO, | 2014 Unpublished Opinion No. 444 |
| Plaintiff-Respondent, | Filed: April 10, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| JOSEPH B. SARCEDA, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael R. Crabtree, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of one year, for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Joseph B. Sarceda pled guilty to possession of a controlled substance. Idaho Code § 37-2732(c)(1). The district court sentenced Sarceda to a unified term of four years, with a minimum period of confinement of one year and placed Sarceda on probation. Just over a year later, Sarceda admitted to violating his probation. The district court revoked Sarceda's probation and ordered his underlying sentence executed; however, it retained jurisdiction. Subsequently, the district court relinquished jurisdiction and ordered Sarceda's underlying sentence executed. Sarceda appeals asserting that the district court abused its discretion in relinquishing jurisdiction

1

and that the district court should have sua sponte reduced the sentence upon relinquishment of jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Sarceda has failed to show that the district court abused its discretion by relinquishing jurisdiction.

Sarceda also contends that the district court abused its discretion by not reducing his sentence, sua sponte, pursuant to Idaho Criminal Rule 35 when it relinquished jurisdiction. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Assuming Sarceda may challenge on appeal the district court's failure to sua sponte reduce his sentence and applying the above standards, Sarceda has failed to show an abuse of discretion.

The order of the district court relinquishing jurisdiction and executing Sarceda's original sentence are affirmed.