**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40711**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 535 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 30, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JARED ALLEN LAUTENSCHLAGER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction and executing unified sentence of five years, with two years determinate, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Jared Allen Lautenschlager was found guilty of possession of a controlled substance with intent to deliver. Idaho Code § 37-2732(a). The district court sentenced Lautenschlager to a unified term of five years, with one year determinate. However, the district court suspended the sentence and placed Lautenschlager on probation. Subsequently, the district court granted Lautenschlager's motion for unsupervised probation. A few years later, Lautenschlager violated his probation by incurring new criminal charges. As a result, the district court revoked Lautenschlager's unsupervised probation and reinstated Lautenschlager on supervised probation. Shortly thereafter, Lautenschlager again violated terms of his probation. The district court revoked probation and executed the underlying sentence, but retained jurisdiction. After a period

1

of retained jurisdiction, the district court relinquished jurisdiction. Lautenschlager appeals, contending the district court abused its discretion by relinquishing jurisdiction, or alternatively, by failing to sua sponte reduce Lautenschlager's sentence.

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Lautenschlager has failed to show that the district court abused its discretion by relinquishing jurisdiction.

Lautenschlager also contends that the district court abused its discretion by not sua sponte reducing his sentence pursuant to Idaho Criminal Rule 35 when it relinquished jurisdiction. Citing *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the State argues that this issue was not preserved through an objection before the trial court and that Lautenschlager has not shown fundamental error. We assume, without deciding, that we may review the district court's decision. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying those standards, Lautenschlager has failed to show an abuse of discretion.

The order of the district court relinquishing jurisdiction and executing Lautenschlager's underlying sentence is affirmed.