740 P.2d 63

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James Dennis FORDE, Defendant-Appellant.**

No. 16316.

Court of Appeals of Idaho.

June 23, 1987.

Lansing L. Haynes of Ada County Public Defender's Office, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Michael E. Henderson, Deputy Atty. Gen., for plaintiff-respondent.

PER CURIAM.

James Forde pled guilty to two counts of issuing checks without sufficient funds. He received two indeterminate three-year sentences, to be served consecutively. Forde filed a notice of appeal from the judgment of conviction. He also filed a motion in the district court under I.C.R. 35 seeking reduction of the sentences. The appeal from the judgment was temporarily stayed, pending determination of his Rule 35 motion. That motion subsequently was denied. His appeal thus questions whether the district judge abused his discretion in pronouncing the sentences or in refusing to reduce them. We hold that the sentences are not excessive and we affirm.

Three years is the maximum length of sentence that could be imposed for each count in this case. A sentence within the statutory maximum will not be disturbed unless an abuse of sentencing discretion is shown. A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of imprisonment is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

For purposes of sentence review we treat one-third of an indeterminate sentence as the measure of confinement. *State v. Toohill, supra*. Thus, we will treat Forde's actual term of confinement as one-third of each three-year sentence. Therefore, the issue is whether imprisonment for at least two years is reasonable.

When weighing the facts of a given case, we conduct an independent examination of the record. We focus upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Here, the facts reveal that Forde opened a checking account by depositing $70. Over the next few weeks he issued several worthless checks to various businesses. He was ultimately charged with four separate felonies. As a result of plea negotiations, Forde pled guilty to two of the four counts. At the time of sentencing, according to the prosecutor's figures, there existed numerous bad checks totaling at least $2,000. Forde volunteered that the total was probable $2,500 to $3,000.

Concerning Forde's character, the presentence report shows a history of at least eight similar offenses. As recently as 1983 Forde was sentenced by two Idaho courts, in separate actions, for issuing checks without funds. Forde had been imprisoned in New York on federal drug smuggling charges. His progress as a federal parolee

is cited as poor, indicating he is not capable of functioning in society in a lawful manner. The record shows that Forde absconded from federal parole supervision on two occasions. His criminal past also includes incidents of burglary and attempted rape.

■ At sentencing, the district judge indicated his concern over Forde's past activities and apparent intolerance for society's rules. Of particular concern was Forde's failure to respond favorably to prior periods of probation, incarceration, and parole. Although Forde expressed a willingness to pay restitution, his past performance undercut his promises. The judge noted that the overriding consideration was the protection of society. The court's comments reflect an appropriate concern about both the offense and the offender. From those comments, it is clear that the judge considered the sentencing objectives of protecting society, deterrence and retribution. We conclude that the district court did not abuse its sentencing discretion. The two consecutive, indeterminate three-year sentences were reasonable when pronounced.

■ We will now consider the denial of Forde's Rule 35 motion. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App. 1984). The criteria for evaluating rulings on motions to reduce sentences under Rule 35 are the same as those applied in determining whether the original sentence was reasonable. *State v. Lopez, supra*. However, if the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. If he fails to make this showing, we cannot say that denial of the motion by the district court represents an abuse of discretion.

At the motion hearing, Forde's attorney asked the court to change the consecutive sentences to concurrent sentences. Sup-

porting the motion, as additional evidence, was a letter of apology written by Forde to the victimized merchants. Forde also complained of the inadequacy of rehabilitative programs.

Forde's motion and supporting evidence fail to show any undue severity in the sentences. As already noted, we found the sentences to be reasonable. The letter of apology does not persuade us otherwise. The district judge noted that Forde had a "horrendous record." Even so, the judge did not impose fixed sentences which would have eliminated the possibility of parole. Rehabilitation, as a factor to consider, was given adequate weight; it is not necessarily controlling. Other factors, including protection of society, deterrence, and little expectation of rehabilitation, were more persuasive. *See State v. Anderson*, 111 Idaho 121, 721 P.2d 221 (Ct.App.1986).

Having reviewed all the information available, we conclude that the district court did not abuse its discretion in denying Forde's Rule 35 motion. Accordingly, the sentences imposed and the order denying the Rule 35 motion are affirmed.