846 P.2d 247

**STATE of Idaho, Plaintiff–Respondent,**

v.

**William Robert DUNN, Defendant–Appellant.**

**No. 19651.**

Court of Appeals of Idaho.

Feb. 4, 1993.

William Robert Dunn, pro se.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

William Robert Dunn pled guilty to three counts of robbery, and received three concurrent sentences of fifteen years to life. Dunn subsequently filed a motion to reconsider his sentences, which was denied. Dunn has appealed his sentences and the denial of his motion to reconsider, asserting that his sentences are excessive. We affirm.

The record in this case reveals that on June 24, 1991, Dunn entered the home of a seventy-nine-year-old woman, hit her in the face, threatened her while holding a knife to her throat, and then took money, jewelry, a telephone and a can opener from the woman's home. About a month later, on July 26, Dunn entered the home of a ninety-year-old woman, grabbed her and threw her down from behind, told her not to look at him, tied her hands behind her back, covered her head with some clothing, and

then took the woman from room to room as he searched for and took valuable items. About two weeks later, on August 8, Dunn entered the home of a seventy-seven-year-old man. Dunn kicked the man in the groin, struck him in the face and body, choked him, and then threatened him before he left, taking cash, coins and a diamond ring. Dunn was subsequently arrested and charged with three counts of robbery, I.C. § 18-6501. Pursuant to a plea agreement in which the state agreed to dismiss persistent violator charges, Dunn pled guilty to the three counts and was given a concurrent unified sentence of fifteen years to life for each count. Thereafter, Dunn filed a motion to reconsider his sentences pursuant to I.C.R. 35, which motion was denied.

Dunn's appeal requires us to determine whether the district court abused its sentencing discretion by imposing an unduly harsh sentence, and whether the district court abused its discretion by denying Dunn's motion to reconsider the sentence. The reasonableness of a sentence is determined by focusing on the probable length of confinement. In *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1983), we noted that:

[A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

In reviewing a sentence imposed under the Unified Sentencing Act, I.C. § 19-2513, the appellate court will treat the minimum period of incarceration as the probable duration of confinement. *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). That minimum period in this case is fifteen years. Thus, Dunn must show that his sentence of fifteen years was excessive under any reasonable view of the facts, considering the sentencing objectives. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

Dunn has an extensive criminal history. Dunn's presentence investigation re-

port (PSI) indicates that Dunn had a record as a juvenile, including burglaries to finance his daily use of drugs. Although Dunn was only twenty-eight when he committed the robberies which are the subject of this case, those offenses constituted his sixth, seventh, and eighth felony convictions as an adult. Dunn committed these crimes only eight months after he was paroled from prison. Dunn's prior record as an adult includes five felonies and five misdemeanors; the felonies consisting of three burglaries, a grand theft, and rioting while in prison. While incarcerated at the Idaho State Correctional Institution on prior offenses, Dunn received numerous disciplinary offense reports. He reported being addicted to crack. Four days after he was incarcerated at the county jail awaiting disposition of this case, Dunn was placed on 23-hour lock down for hitting another inmate. The presentence investigator noted that Dunn "did not demonstrate any remorse or concern for his victims to this investigator." After reviewing Dunn's record of criminal activity, the presentence investigator reported:

It is apparent that the defendant is a career criminal. It is felt that a long period of incarceration is necessary and justifiable to deter the defendant from committing any further crimes of this nature and for the protection of this community. It seems the sentencing recommendations [20 years to life] is a fair resolution of this matter.

The maximum penalty for robbery is life in prison. I.C. § 18-6503. The prosecutor in this case recommended that Dunn be incarcerated for a minimum of twenty years, and the presentence investigator concurred in that recommendation. The district court, after noting the relevant goals of sentencing and the need to protect society from Dunn, sentenced Dunn to a minimum of fifteen years in prison. In his appeal, Dunn asserts that the district court failed to adequately consider the sentencing goal of rehabilitation. The record shows that the district judge expressly considered the likelihood that Dunn would rehabilitate in a shorter period of time, and

determined that that likelihood was slight, particularly when compared to the need to protect society from Dunn. The record in this case supports that conclusion. In light of Dunn's character, the nature of his offenses, and the goals of sentencing, we cannot say that the district court abused its discretion in imposing this sentence.

 Dunn asserts that the district court abused its discretion in denying his Rule 35 motion. A motion under Rule 35 is addressed to the sound discretion of the sentencing court, *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency from an unduly severe sentence. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for the reduction of a sentence will not be disturbed absent a showing that the court abused its discretion. The criteria for examining rulings denying the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Id.* at 450, 680 P.2d at 872. Otherwise stated, the factors considered in determining whether to reduce a sentence are the same as those applied in evaluating whether the original sentence was excessive; namely, protecting society, deterring the defendant and others, rehabilitating the defendant, and punishing the defendant. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct. App.1987); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction.

Dunn's argument that the district court abused its discretion in refusing to reduce his sentence is based only on the contention that the court failed to consider the sentencing goal of rehabilitation. Dunn did not provide the district court with any additional information to warrant a reduction in the sentence. Moreover, the goal of rehabilitation is not paramount; we have frequently said that the goal of protecting society is primary. From our review of the record we are convinced that the sentenc-ing judge appropriately structured the sentence to protect society, particularly some of its most vulnerable members, the elderly, and that the court's refusal to modify the sentence did not amount to an abuse of discretion.

Accordingly, Dunn's sentence and the order denying his motion for reconsideration are affirmed.