**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39063**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 339 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 23, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHELLE JOY WATERS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order modifying no contact order and order denying I.C.R. 35 motion, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Michelle Joy Waters appeals from her judgment and conviction entered following her plea of guilty to arson in the second degree, Idaho Code § 18-803, and driving under the influence, I.C. § 18-8004. Specifically, Waters challenges the district court's order clarifying her no contact order and denying her Idaho Criminal Rule 35 motion. We affirm.

## I.

## FACTS AND PROCEDURE

Waters was arrested after she started a fire at her ex-husband's residence while her ex-husband and three of her children were inside. Following an *Alford* plea,[1] the district court imposed a unified sentence of fifteen years with three and one-half years determinate. As part of its judgment, the district court ordered "that the defendant shall have no contact with Dr. Waters

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

or any of her [Waters] children for an absolute period of two (2) years.  After June 20, 2013, the defendant may communicate with the protected parties in writing."

Subsequently, Waters filed several motions to modify and/or clarify the no contact order. Waters also filed a Rule 35 motion requesting a reduction of her sentence.  Following multiple hearings, the district court clarified the no contact order and denied the Rule 35 motion.  Waters timely appeals.

## II.

## ANALYSIS

### A.     No Contact Order

Waters claims, for the first time on appeal, that the district court entered an invalid no contact order by failing to meet the requirements set forth in I.C.R. 46.2.[2]  Generally, issues not

---

[2]     I.C.R. 46.2 states:
(a)     No contact orders issued pursuant to Idaho Code § 18-920 shall be in writing and served on or signed by the defendant.  Each judicial district shall adopt by administrative order a form for no contact orders for that district.  No contact orders must contain, at a minimum, the following information:
   (1)     The case number, defendant's name and victim's name;
   (2)     A distance restriction;
   (3)     That the order will expire at 11:59 p.m. on a specific date, or upon dismissal of the case;
   (4)     An advisory that:
      (a)     A violation of the order may be prosecuted as a separate crime under I.C. § 18-920 for which no bail will be set until an appearance before a judge, and the possible penalties for this crime,
      (b)     The no contact order can only be modified by a judge, and
      (c)     When more than one domestic violence protection order is in place, the most restrictive provision will control any conflicting terms of any other civil or criminal protection order.  Whenever a no contact order is issued, modified or terminated by the court, or the criminal case is dismissed, the clerk shall give written notification to the records department of the sheriff's office in the county in which the order was originally issued, immediately.  No contact orders shall be entered into the Idaho Law Enforcement Telecommunications System (ILETS).
(b)     A victim of a criminal offense for which a no contact order has issued may request modification or termination of that order by filing a written and signed request with the clerk of the court in which the criminal offense is filed.  Forms for such a request shall be available from the clerk.  The court shall provide for a

2

raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *State v. Perry*, 150 Idaho 209, 245 P.3d 961 (2010), the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) the error is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) the error affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

Despite multiple motions and hearings, Waters never argued to the district court that the no contact order was invalid because it did not meet the requirements of I.C.R. 46.2. Instead, Waters only argued that the no contact order be modified or clarified. These arguments included: (1) that the absolute two-year no contact prohibition include the year of no contact she had already served as a result of her incarceration pending her charges; (2) that her eldest son be removed from the no contact order because he was not inside the house when it was set on fire; and (3) that the no contact order be extinguished as to each child upon that child's eighteenth birthday. The district court modified the no contact order by allowing Waters' prior time in incarceration to count towards the two-year prohibition on contact, thereby changing the expiration date of the two-year prohibition to August 6, 2012. The district court also clarified that once each child reached the age of eighteen, the no contact order would be extinguished as to that child, so long as the two-year prohibition on contact had expired.

The district court also entertained a motion to modify the no contact order made by Waters' eldest son. The son reached the age of eighteen prior to the expiration of the two-year prohibition on contact and moved the court to terminate the no contact order as to himself. At a

---

hearing within fourteen days of the request and shall provide notification of the hearing to the victim and the parties.

hearing, Waters did not present argument, but did manifest that she did not object to the motion. The district court granted the motion and terminated the no contact order as to the eldest son, so long as the son agreed not to facilitate communication between Waters and the remaining minor children.

Waters now argues, for the first time on appeal, that the no contact order is invalid because it does not follow proper form, does not identify the children by name, does not provide a distance restriction, does not provide advisories set out in Rule 46.2, and does not state that if future no contact orders are issued, the more restrictive provisions would control. As noted, none of these arguments were presented to the district court. Further, Waters does not attempt to establish fundamental error on appeal. Therefore, we need not entertain this issue. Even if we were to analyze the issue of fundamental error, Waters has not satisfied any of the three requirements of *Perry*. As to violation of an unwaived constitutional right, Waters' argument is, at best, that due process is the catalyst for the notice requirements in Rule 46.2 but does not argue that her due process rights were violated or that she lacked the notice the requested formality of following the rule would provide. As to clear error, while the failure of the district court to follow Rule 46.2 is clear from the record, whether her failure to object to the lack of information and formalities set out in the rule was or was not a tactical or strategic decision is not clear from the record. She had multiple opportunities to object or present such argument at the hearings, but chose not to do so. Finally, Waters has shown no prejudice by the failure of the district court to follow Rule 46.2.[3]

**B.**      **Rule 35 Motion**

Waters claims that the district court abused its discretion when it denied her Rule 35 motion to reduce her sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our

---

[3]      As the State points out, Waters is not without recourse. Her claim of error attacks only the incorrect format of the no contact order entered against her and not the substance of that order. Therefore, she may file a motion at any time to correct a clerical mistake under I.C.R. 36.

review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984).

In the instant case, Waters filed a Rule 35 motion with the district court and provided the court with new and additional information that was not available to the court at the time of her sentencing. This information included: (1) that due to prison overcrowding, Waters had not received any mental health or substance abuse treatment and would not receive such treatment until 2013; (2) that Waters never received mental health or drug treatment through the Program for Recovering Nurses; and (3) that Waters was a model prisoner during her incarceration. Additionally, Waters also provided the district court with a letter of support from her father. The district court denied the motion, finding that "the sentence was appropriate at the time it was imposed and the Court is not convinced that circumstances have changed or that the Court improperly imposed the sentence." Based upon our review of the record and the new information provided to the district court, we cannot say that the district court abused its discretion in denying Waters' Rule 35 motion.

## III.

## CONCLUSION

Waters' has failed to show fundamental error relative to the no contact order. Additionally, we conclude the district court did not abuse its discretion in denying Waters' Rule 35 motion. Therefore, the district court's order modifying the no contact order and the district court's order denying Waters' Rule 35 motion are affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**