**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40540**

| | |
|---|---|
| STATE OF IDAHO, | ) 2013 Unpublished Opinion No. 741 |
| | ) |
| Plaintiff-Respondent, | ) Filed: November 8, 2013 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| CHRISTOPHER KEITH COLE, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Charles W. Hosack, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for stalking in the first degree, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Christopher Keith Cole pled guilty to stalking in the first degree. Idaho Code §§ 18-7905, 18-7906(2)(a). The district court sentenced Cole to a unified term of five years, with a minimum period of confinement of two years, and retained jurisdiction. Prior to the expiration of the period of retained jurisdiction, the district court relinquished jurisdiction and ordered the original sentence executed without reduction. Cole appeals asserting that the district court abused its discretion by relinquishing jurisdiction, that the sentence is excessive and constitutes an abuse of discretion, and that the district court should have sua sponte reduced the sentence upon relinquishment of jurisdiction.

1

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Cole has failed to show that the district court abused its discretion by relinquishing jurisdiction.

Cole also contends that the district court abused its discretion by not reducing his sentence, sua sponte, pursuant to Idaho Criminal Rule 35 when it relinquished jurisdiction. Pursuant to Rule 35, a court may reduce a sentence within 120 days after the court releases retained jurisdiction. A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying those standards, Cole has failed to show an abuse of discretion.

The order of the district court relinquishing jurisdiction and executing Cole's original sentence are affirmed.