# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40837

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 443 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 10, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANTHONY L. CAVALLERO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one and one-half years, for aggravated assault, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Anthony L. Cavallero pled guilty to aggravated assault. Idaho Code §§ 18-901, 18-905. The district court sentenced Cavallero to a unified term of five years, with a minimum period of confinement of one and one-half years and retained jurisdiction. Following the period of retained jurisdiction, the district cout suspended the sentence and placed Cavallero on probation for a period of five years. Subsequently, Cavallero admitted to violating the terms of his probation and the district court revoked his probation and ordered the previously suspended sentence executed, but retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and ordered the originally imposed sentence executed.

1

Cavallero filed an Idaho Criminal Rule 35 motion, which the district court denied. Cavallero appeals.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Butler has failed to show that the district court abused its discretion by relinquishing jurisdiction.

Next, we review whether the district court erred in denying Cavallero's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, the district court's order relinquishing jurisdiction, Cavallero's judgment of conviction and sentence, and the district court's order denying Cavallero's Rule 35 motion are affirmed.