**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41586**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 495 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 7, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ROBERT BENJAMIN WARD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order relinquishing jurisdiction, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

In this case we are asked to determine whether the district court abused its discretion in refusing to reduce two sentences upon relinquishing jurisdiction. We are also asked to review a unified sentence of five years, with a minimum period of confinement of three years, for aggravated assault and a consecutive indeterminate term of five years for aggravated assault. We affirm.

Robert Benjamin Ward pled guilty to two counts of aggravated assault. I.C. §§ 18-901(b), 18-905(a). In exchange for his guilty pleas, additional charges were dismissed. Following his pleas, Ward was sentenced to a unified term of five years, with a minimum period of confinement of three years, for one count and a consecutive indeterminate term of five years. The district court retained jurisdiction, and Ward was sent to participate in the rider program.

1

Prior to completion of his evaluation, Ward refused to participate in his programming and requested relinquishment of jurisdiction, which the district court ordered. Ward filed an I.C.R. 35 motion for reduction of his sentences, which the district court denied. Ward appeals, claiming that his sentences are excessive and constitute an abuse of discretion and that the district court erred by refusing to reduce his sentences upon relinquishment of jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.

A court's decision not to reduce a sentence is reviewed for an abuse of discretion. In conducting our review, we consider the entire record and apply the same reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984). Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well-established. *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982). Applying those standards, Ward has failed to show an abuse of discretion.

The order of the district court relinquishing jurisdiction and Ward's sentences are affirmed.