**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41102**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 607 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 3, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JANELLE RENEE HARRINGTON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

GUITIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Pursuant to a plea agreement, Janelle Renee Harrington pleaded guilty to and was convicted of child custody interference, Idaho Code § 18-4506. The district court sentenced Harrington to a unified term of five years with two years determinate, suspended the sentence, and placed Harrington on supervised probation. Subsequently, Harrington admitted to violating several terms of her probation. The district court revoked probation, ordered execution of the original sentence, and retained jurisdiction. At the end of the retained jurisdiction period, the district court relinquished jurisdiction. Harrington filed an Idaho Criminal Rule 35 motion for reduction of her sentence, which the district court denied. Harrington appeals.

1

Assuming, *arguendo*, that the right to appeal from the denial of Harrington's Rule 35 motion was not waived by terms of her plea agreement, we find no error in the district court's order.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we apply the same criteria used for determining the reasonableness of the original sentence.  *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73.  Upon review of the record, including any new information submitted with Harrington's Rule 35 motion, we conclude no abuse of discretion has been shown.  Therefore, the district court's order denying Harrington's Rule 35 motion is affirmed.