**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42518**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 593** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 14, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **DIMAS ROBERT NARVAIZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence and order relinquishing jurisdiction, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

————————————————————————

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

————————————————————————

PER CURIAM

Dimas Robert Narvaiz pled guilty to aggravated assault, I.C. § 18-915(a), and entered an *Alford*[1] plea to use of a firearm or deadly weapon, I.C. § 19-2520. In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Narvaiz to a unified term of fifteen years, with a minimum period of confinement of five years. However, the district court retained jurisdiction, and Narvaiz was sent to participate in the rider program.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

After Narvaiz completed his rider, the district court relinquished jurisdiction and ordered execution of Narvaiz's sentence. During the rider review hearing, Narvaiz moved, pursuant to I.C.R. 35, for a reduction of his sentence. The district court denied the motion. Narvaiz appeals, claiming that the district court abused its discretion by failing to reduce his sentence upon relinquishment of jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

The order of the district court denying Narvaiz's Rule 35 motion for reduction of sentence and the order relinquishing jurisdiction without modification are affirmed.