## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket Nos. 42930 & 42931

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 363 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 1, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL KARL PARKER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Orders relinquishing jurisdiction, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

---

PER CURIAM

In these consolidated appeals, Michael Karl Parker pled guilty to two counts of burglary. I.C. § 18-1401. In exchange for his guilty pleas, an additional charge was dismissed. The district court allowed Parker to participate in the drug court program. However, upon being discharged from drug court, the district court sentenced Parker to concurrent unified terms of five years, with minimum periods of confinement of two years. Parker filed I.C.R 35 motions for reduction of his sentences, which the district court denied. The district court retained jurisdiction, and Parker was sent to participate in the rider program.

1

After Parker completed his rider, the district court relinquished jurisdiction. Parker appeals, claiming that the district court erred by refusing to grant probation. He also argues that the district court erred in denying his Rule 35 motions for reduction of his sentences.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Parker has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Parker argues the district court erred in denying his Rule 35 motions for reduction of his sentences. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987. The record does not indicate that the district court abused its discretion in sentencing.

The orders of the district court relinquishing jurisdiction and denying Parker's Rule 35 motions for reduction of his sentences are affirmed.