**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43381/43382**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 404** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 25, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **SHANE ANTHONY KRALY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>; order denying I.C.R. 35 motions, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 43381 Shane Anthony Kraly pled guilty to attempted possession of methamphetamine. Idaho Code §§ 37-2732(c)(1), 18-306. The district court imposed a unified sentence of three years with one and one-half years determinate, to run concurrently with his sentence in an unrelated case, and placed Kraly on probation for three years. As a condition of Kraly's probation, the district court ordered him to serve thirty days in jail. While serving his jail time, Kraly brought prescription pills into the jail. Kraly admitted he did not have a current prescription for the pills and he was charged with unlawful introduction of major contraband into a correctional facility, I.C. § 182510(3)(a). Kraly admitted to violating his probation and pled

1

guilty in Docket No. 43382. The district court revoked Kraly's probation in Docket No. 43381 and ordered his underlying sentence executed, but retained jurisdiction. In Docket No. 43382 the district court imposed a unified sentence of four years with two years determinate, to run concurrently with Kraly's sentence in Docket No. 43381, and retained jurisdiction.

Following a period of retained jurisdiction, the district court relinquished jurisdiction in both cases and ordered Kraly's sentences executed; however, in Docket No. 43382 the court sua sponte reduced Kraly's unified sentence to three years with one and one-half years determinate. Subsequently, Kraly filed Idaho Criminal Rule 35 motions for sentence reduction in both cases, which the district court denied. Kraly appeals asserting that the district court abused its discretion when it relinquished jurisdiction in both cases and denied his I.C.R. 35 motions.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Kraly has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Kraly's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or by denying

Kraly's I.C.R. 35 motions. Therefore, the orders relinquishing jurisdiction and order denying Rule 35 motions are affirmed.