**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42842**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 509** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 28, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MATTHEW J. MONTGOMERY,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Orders of the district court relinquishing jurisdiction, denying I.C.R. 35 motion, and denying motion for reconsideration, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

———————————————

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

———————————————

PER CURIAM

Matthew J. Montgomery pled guilty to criminal possession of a financial transaction card. Idaho Code § 18-3125. The district court withheld judgment and placed Montgomery on supervised probation for five years. Montgomery violated his probation and the district court revoked the withheld judgment and imposed a unified sentence of five years with two years determinate, suspended the sentence, and again placed Montgomery on supervised probation for five years. Montgomery violated his probation a second and third time, and the district court subsequently revoked his probation, ordered the underlying sentence executed, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished

1

jurisdiction. Montgomery filed an Idaho Criminal Rule 35 motion, which the district court denied. Montgomery then filed a motion for reconsideration which the district court also denied. Montgomery appeals, asserting that the district court abused its discretion by relinquishing jurisdiction, by denying his Rule 35 motion, and by denying his motion for reconsideration.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Montgomery has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Montgomery's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

The orders of the district court relinquishing jurisdiction, denying Montgomery's Rule 35 motion, and denying Montgomery's motion for reconsideration are affirmed.