**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45738**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 19, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| KEVIN ALEXANDER MOSES, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge
_____

PER CURIAM

Kevin Alexander Moses, Jr. pled guilty to an amended charge of possession of a controlled substance.[1] I.C. § 37-2732(e). The district court sentenced Moses to a unified term of four years, with a minimum period of confinement of one year. However, the district court retained jurisdiction and sent Moses to participate in the rider program. Following completion of his rider, the district court suspended the sentence and placed Moses on probation. Thereafter,

---

[1]    Moses also pled guilty to possession of drug paraphernalia. However, that conviction and sentence are not subject to this appeal.

1

Moses admitted to violating the terms of his probation. During the disposition hearing on his probation violation, Moses' counsel specifically joined the State's recommendation that the district court revoke probation and order execution of his original sentence. The district court revoked probation and ordered execution of Moses' original sentence. Thereafter, Moses filed a Rule 35 motion asking the court to "reduce the sentence/disposition previously imposed." At the hearing on Moses' Rule 35 motion, Moses asked the court to reconsider its revocation decision because he was in a "dark place" when he admitted the probation violations, but he wanted another chance on probation. The district court denied Moses' Rule 35 motion.

Moses asserts that the district court erred in denying his Rule 35 request to place him back on probation. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

After considering the record, including the argument Moses made in support of his Rule 35 request to reinstate probation despite his previous acquiescence to revocation of his probation, we conclude Moses has failed to show the district court abused its discretion. Accordingly, the district court's order denying Moses' Rule 35 motion is affirmed.