**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51170, 51171, & 51172**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 15, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SARAH LOUISE BAUER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In these consolidated appeals, Sarah Louise Bauer appeals from the district court's orders denying her I.C.R. 35 motions for reduction of her sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In Docket No. 51170, Bauer pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced Bauer to a unified term of five years, with a minimum period of confinement of one year. The district court suspended the sentence and placed Bauer on probation for two years.

While on probation, the State filed two new cases. In Docket No. 51171, Bauer was charged with possession of a controlled substance, I.C. § 37-2732(c)(1), and possession of drug

1

paraphernalia, I.C. § 37-2734A(1). In Docket No. 51172, Bauer was charged with unlawful possession of a firearm, I.C. § 18-3316. Based on the new charges, the State filed a report of probation violation for Docket No. 51170. Thereafter, Bauer entered into a plea agreement for Docket Nos. 51171 and 51172. She pled guilty to possession of a controlled substance and unlawful possession of a firearm, and the State agreed to dismiss the possession of drug paraphernalia charge. Bauer also admitted to violating the terms of her probation in Docket. No. 51170.

The district court held a consolidated hearing for the three cases in April 2022. In Docket No. 51170, the district court revoked Bauer's probation and ordered execution of her previously suspended sentence. In Docket Nos. 51171 and 51172, the district court imposed sentences of five years, with minimum periods of confinement of two years, for possession of a controlled substance and unlawful possession of firearm. The district court ordered that Bauer's new sentences be served consecutively to each other and consecutive to the sentence in Docket No. 51170, resulting in an aggregate unified sentence of fifteen years, with a minimum period of confinement of five years. In all three cases, the district court retained jurisdiction and sent Bauer to participate in the rider program.

A review hearing on Bauer's rider program took place about a year later in April 2023. At that hearing, the State indicated that Bauer had completed programming, "did a good rider," and would therefore "defer a lot to the Court's discretion" on whether probation should be imposed. The State noted that its only concern was that Bauer did not have a place to live if she were released. Bauer's counsel indicated that housing was an issue because Bauer would need a place that was ADA-compliant. Her counsel indicated that Bauer was able to use a walker but that she had been using a wheelchair the entire time she had been at the Idaho Department of Correction for ease of mobility for the staff. The correctional caseworker at the retained jurisdiction program indicated she was not comfortable making a recommendation for or against probation and noted she had exhausted all avenues in an attempt to find suitable housing for Bauer. The district court continued the review hearing for a week to allow Bauer, her counsel, and Bauer's case manager an opportunity to find housing.

Following the second rider review hearing, the district court relinquished jurisdiction in each case. In doing so, the district court reasoned:

2

We don't have an approved place for you to live that would meet your qualifications, so I would be letting somebody out without housing, without transportation, supposedly on probation who has, most recently, a possession of a controlled substance, methamphetamine, and unlawful possession of a weapon charge, and those two sentences run consecutively to a prior possession of methamphetamine charge, so I can't do that.

I don't have any other solution, and this is just another example of Idaho Department of Corrections simply not doing its job, and this time it's not the Probation and Parole people; it's the people that run Pocatello Women's Correctional Center. So I will--I will enter that order later today. I was hoping to put you on probation, but I can't.

The district court indicated that Bauer's counsel could file an I.C.R. 35 motion to reconsider probation if the housing situation were resolved. The following day, Bauer filed I.C.R. 35 motions requesting probation or, alternatively, for reduction of her sentences in each of her cases. The district court denied the motions. Bauer appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Bauer asserts the district court abused its discretion by failing to exercise reason when it denied her I.C.R. 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of an I.C.R. 35 motion, we consider the entire record and apply the

same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

Bauer argues the district court erred because it previously indicated she was an appropriate candidate for probation but had concerns regarding suitable housing placement. She relies on the orders relinquishing jurisdiction where the district court stated, "the only reason for this decision is the IDOC has failed to develop a probation plan which includes housing." Bauer contends she presented new and additional information at the I.C.R. 35 motions hearing showing her original sentences were excessive and rendered the district court's denial of her motions unreasonable. Specifically, she argues that she "provided a solution for the housing issue--she could live at the Boise Rescue Mission's Recovery Lodge as long as necessary until she found more permanent housing." Bauer further argues that the new information included that the "Boise Rescue Mission had the resources and staff to help her with that process or any other goals."

At the I.C.R. 35 hearing, Bauer's social worker testified Bauer could be placed at the Recovery Lodge through the Boise Rescue Mission. Bauer's case manager likewise testified the Recovery Lodge could take Bauer; however, the case manager noted that the Recovery Lodge was "not long-term care," but "they have case managers there and resources that would help [Bauer] to obtain more long-term housing." Bauer's counsel submitted an email exchange in which the director of guest services at the Boise Rescue Mission wrote that Bauer could stay as long as she followed the rules and continued to try to find housing.

The district court initially indicated that it would take the matter under advisement but ultimately denied the motions from the bench. The district court stated that, after a year and a half of efforts to find suitable housing for Bauer, what was found was a "vague commitment" from a homeless shelter for an unknown amount of time, no plan for mental health treatment, and "a vague plan for transportation." The district court expressed concern that, in the event Bauer was to abscond from the shelter or if the shelter were to kick her out of the facility, either would result in Bauer being homeless. In denying the I.C.R. 35 motions, the district court noted that Bauer's criminal record includes crimes that "implicate the public and put the public at danger." The district court further reasoned, "in the years 2020 through 2022 Bauer had shown an ability to amass felonies." The district court noted that Bauer's past crimes include two driving under the

influence convictions, battery, driving without privileges, felony possession of a controlled substance, petit theft, and the crimes related to the three consolidated cases relevant to this appeal.

That the district court previously indicated Bauer would be a suitable candidate for probation did not preclude it from reconsidering its position. Moreover, the district court was not convinced that placement at the Recovery Lodge was a stable housing option for the reasons it expressed at the hearing. The comments from the district court show that it considered the new information but did not find the arguments so compelling as to warrant a modification of the imposed sentences. Upon review of the record, including any new information submitted with Bauer's I.C.R. 35 motions, we conclude that Bauer has failed to show the district court abused its discretion in denying her motions.

## IV.
## CONCLUSION

Bauer failed to show the district court abused its discretion in denying her I.C.R. 35 motions. Therefore, the orders denying her I.C.R. 35 motions for reduction of her sentences are affirmed.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.