# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51970

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| SELIA MARIA RAMIREZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Devin E. Harris, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Selia Maria Ramirez pled guilty to possession of a controlled substance. I.C. § 37-2732(c)(1). The district court sentenced Ramirez to a unified term of five years, with a minimum period of confinement of one year. The district court retained jurisdiction and sent Ramirez to participate in the rider program. Prior to Ramirez's completion of her rider, the district court relinquished jurisdiction. Ramirez filed an I.C.R 35 motion, which the district court denied.

1

Ramirez appeals, claiming that the district court erred by refusing to grant probation. She also argues that the district court erred in denying her I.C.R 35 motion for reduction of sentence.[1]

The decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Ramirez has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Ramirez also argues that the district court erred in denying her I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987). Upon review of the record, including any new information submitted with Ramirez's Rule 35 motion, we conclude no abuse of discretion has been shown.

The order of the district court relinquishing jurisdiction and the order denying her I.C.R. 35 motion are affirmed.

---

[1]   Ramirez separately appealed the excessiveness of her sentence, and this Court affirmed in an unpublished opinion. *See State v. Ramirez*, Docket No. 51584 (Ct. App. 2024).