**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41148/41153**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 304 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 13, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AARON R. BEVIEN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Judgment of conviction and unified sentence of eighteen years, with a minimum period of confinement of three years, for statutory rape; judgment of conviction and concurrent unified sentence of two and one-half years with one year determinate for attempted delivery of a controlled substance, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

These cases were consolidated for purposes of appeal. In Docket No. 41148, Aaron R. Bevien pled guilty to attempted delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(B), and the district court imposed a unified sentence of two and one-half years with one year determinate, suspended the sentence, and placed Bevien on probation for a period of three years. Several months later, Bevien was charged with two counts of statutory rape, Idaho

1

Code § 18-6101(1), involving two separate cases.[1]  Pursuant to a plea agreement, Bevien entered an *Alford*[2] plea to one count of statutory rape, identifying both victims.  In addition, Bevien admitted to violating his probation in Docket No. 41148.  The district court sentenced Bevien to a unified term of eighteen years, with a minimum period of confinement of three years in Docket No. 41153, revoked Bevien's probation, and executed his underlying sentence in Docket No. 41148 to run concurrently with the sentence in Docket No. 41153.  In addition, Bevien filed an Idaho Criminal Rule 35 motion in Docket No. 41153, which the district court denied.  Bevien appeals, asserting that the district court abused its discretion by executing Bevien's sentences[3] rather than retaining jurisdiction, and by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bevien's Rule 35 motion.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for

---

[1]  These two cases were consolidated into a single case (Docket No. 41153).

[2]  *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[3]  Bevien joined the State's recommendation to revoke probation on the attempted delivery charge, execute the underlying sentence, and run it concurrent with the statutory rape sentence.  By so consenting, he waived his right to challenge that sentence on appeal.  *State v. Carlson*, 134 Idaho 389, 402, 3 P.3d 67, 80 (Ct. App. 2000).

determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Bevien's judgments of conviction and sentences, and the district court's order denying Bevien's Rule 35 motion, are affirmed.