# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39222

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 475 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 27, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MARK D. HUBER, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Fred M. Gibler, District Judge.

Judgment of conviction and concurrent unified sentences of thirty years, with minimum periods of confinement of fifteen years, for rape and lewd conduct with a minor under sixteen enhanced for having previously been convicted of a sex offense against a child, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Mark D. Huber was found guilty of rape, I.C. § 18-6101(1) or (4), and lewd conduct with a minor under sixteen, I.C. § 18-1508. Huber admitted to the facts supporting sentencing enhancements for having previously been convicted of a sex offense against a child, I.C. § 19-2520G. The district court sentenced Huber to concurrent unified terms of thirty years, with minimum periods of confinement of ten years. The state filed an I.C.R 35 motion for correction

1

of illegal sentences and asserted that the district court was required to impose mandatory minimum terms of fifteen years for the sentencing enhancements. Huber filed an I.C.R. 35 motion for reduction of his sentences. The district court granted the state's motion and modified Huber's sentences to concurrent terms of thirty years, with minimum periods of confinement of fifteen years. The district court then denied Huber's Rule 35 motion for reduction of his sentences. Huber appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Huber's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Huber's judgment of conviction and sentences, and the district court's order denying Huber's Rule 35 motion, are affirmed.