**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42315/42403**

| | |
|---|---|
| STATE OF IDAHO, | ) 2015 Unpublished Opinion No. 491 |
| | ) |
| Plaintiff-Respondent, | ) Filed: May 15, 2015 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| ALICIA VEGA, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for felony driving under the influence, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

In Docket No. 42403, Alicia Vega pled guilty to felony driving under the influence. Idaho Code §§ 18-8004, 18-8005. The district court sentenced Vega to a unified term of five years, with a minimum period of confinement of three years, retained jurisdiction, and Vega was subsequently placed on probation for a period of five years. Approximately four years later, Vega was arrested for felony driving under the influence in Docket No. 42315. Vega pled guilty to the new felony driving under the influence charge and admitted to violating her probation in Docket No. 42403. The district court revoked Vega's probation and ordered her underlying sentence executed without reduction. In Docket No. 42315, the district court imposed a unified

1

sentence of ten years with five years determinate to run concurrently with Vega's sentence in Docket No. 42403. Vega filed an Idaho Criminal Rule 35 motion in both cases, which the district court denied.

The district court granted Vega's petition for post-conviction relief and re-entered the judgments of conviction and the orders denying Vega's Rule 35 motions in both cases. Vega timely appealed from the district court's re-entered judgments and orders denying her Rule 35 motions. Vega appeals asserting that the district court abused its discretion by imposing an excessive sentence in Docket No. 42315 and also by denying her Rule 35 motion in Docket No. 42403.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Vega's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Vega's judgment of conviction and sentence in Docket No. 42315, and the district court's order denying Vega's Rule 35 motion in Docket No. 42403, are affirmed.