**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42369**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 592 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 13, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| CHARLES EDWARD BURCH, II, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgment of conviction and unified sentences of ten years, with a minimum period of confinement of five years, for felony driving under the influence and consecutive sentences of 180 days in jail for driving without privileges and failure to provide proof of insurance, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

---

PER CURIAM

Charles Edward Burch, II, was found guilty of: felony driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8005(6) (Count I); driving without privileges, I.C. § 18-8001(4) (Count II); failure to provide proof of insurance, I.C. § 49-1232 (Count III); and a persistent violator sentencing enhancement. The district court imposed a unified sentence of ten years with five years determinate for the DUI charge and 180 days each for the remaining charges. The sentences for Counts I and III are to run consecutive to the sentence for Count II. Burch filed an

1

I.C.R 35 motion, which the district court denied. Burch appeals, asserting that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Burch's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Burch's judgment of conviction and sentences, and the district court's order denying Burch's Rule 35 motion, are affirmed.