**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44737/44738**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 529** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 27, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JUNE LYNN VAZQUEZ, aka THOMAS,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgments of conviction and concurrent unified sentences of ten years, with a minimum period of confinement of three years, for two counts of possession of methamphetamine, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge
_____

PER CURIAM

In these consolidated cases, June Lynn Vazquez pled guilty to two counts of possession of methamphetamine with persistent violator enhancements. Idaho Code §§ 37-2732(c), 19-2514. The district court sentenced Vazquez to concurrent sentences (concurrent with each other and concurrent with a prior unrelated sentence) of ten years with three years determinate. Vazquez moved for reconsideration pursuant to Idaho Criminal Rule 35 motions, which the district court denied. Vazquez appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying her Rule 35 motions.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Vazquez's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).[1] In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Vazquez's judgments of conviction and sentence, and the district court's orders denying Vazquez's Rule 35 motions, are affirmed.

---

[1] Vazquez continues that the district court unduly limited the information which it considered by overlooking six letters submitted in support of the motion. However, her argument is speculation. The district court specifically referenced the brief she filed and the letters were attached thereto.