**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44709/44712**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 647** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 21, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **DENVER JOHN HART,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County and Boundary County. Hon. Barbara A. Buchanan, District Judge.

Judgments of conviction and consecutive unified sentences of life, with a minimum period of confinement of ten years, for lewd conduct with a minor under the age of sixteen and murder in the second degree, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 44709, Denver John Hart pled guilty to lewd conduct with a minor under the age of sixteen, Idaho Code § 18-1508. In Docket No. 44712, Hart pled guilty to murder in the second degree, I.C. § 18-4003(g). The district court imposed consecutive unified sentences of life, with ten years determinate. Hart filed timely notices of appeal from the judgments of conviction. Hart also filed Idaho Criminal Rule 35 motions for reduction of sentences, which the

1

district court denied. Hart appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Hart's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Hart's judgments of conviction and sentences, and the district court's orders denying Hart's Rule 35 motions, are affirmed.